UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

VITAL PHARMACEUTICALS, INC., *et al.*,

    Debtors.
_____/

Case No.: 22-17842-PDR

Chapter 11
(Jointly Administered)

VITAL PHARMACEUTICALS, INC., *et al.*,

    Plaintiffs,

v.

JOHN H. OWOC AND MEGAN E. OWOC,

    Defendants.
_____/

Adv. Proc. No. 23-01051-PDR

## MOTION TO WITHDRAW REFERENCE, DESIGNATION OF RECORD AND DEMAND FOR JURY TRIAL

Defendants, John H. Owoc and Megan Owoc (together, the "Owocs"), pursuant to 28 U.S.C. § 157(d), Local Rule 5011-1, and the *Order Setting Scheduling Conference and Establishing Procedures and Deadlines* [ECF No. 5], demand a jury trial in this adversary proceeding and respectfully request that the Court withdraw the reference in this adversary proceeding. In support of this request the Owocs respectfully state:

1.    On March 14, 2023, Vital Pharmaceuticals, Inc. *et al.* (together, the "Debtors") filed an adversary complaint seeking: (a) declaratory judgment that the Debtors are entitled to control over an Instagram and TikTok account each bearing the handle @bangenergy.ceo, and a Twitter account bearing the handle @BangEnergyCEO (each an "Account" and together, the "Accounts"); and (b) turnover of the Accounts. ECF No. 1.

{2467/000/00555615}

2. The Debtors have filed a motion for summary judgment. The Owocs have responded, and the motion is currently under advisement with the Court. *See* ECF Nos. 20–22, 40–42 and 49–50.

3. The scheduling conference in this proceeding is May 17, 2023. ECF No. 4.

4. Pursuant to 28 U.S.C. § 157(a), district courts may refer any or all cases under title 11 to the bankruptcy judges of their district. However, title 28 also permits the district court to withdraw that reference:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11...and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).

5. Section 157(d) thus provides: (a) for mandatory withdrawal of the reference when resolution of an adversary proceeding "requires consideration of both title 11…and other laws of the United States regulating organizations or activities affecting instate commerce," and (b) permissive withdrawal "for cause." *See* 28 U.S.C. § 157(d); *In Hvide Marine, Inc.*, 248 B.R. 841, 843 (M.D. Fla. 2000) (citation omitted).

6. Mandatory withdrawal of the reference is appropriate because resolution of this proceeding likely requires consideration of both title 11 and other federal laws affecting interstate commerce. The ownership of social media accounts is a cutting edge area of the law and involves the content posted to such accounts. *See generally* ECF No. 40 (Owocs' response to summary judgment motion). Posted content may constitute intellectual property and implicate copyright laws such as the Copyright Act of 1976. *See, e.g.*, 17 U.S.C. § 102 (subject matter of

copyright protection laws). Because consideration of other federal laws, in addition to title 11, is required, the Court must withdraw the reference.

7. Permissive withdrawal is also appropriate. "In *Holland America,* the Fifth Circuit held that in determining whether a movant has shown cause under 28 U.S.C. § 157(d) to withdraw the reference, a district court should consider the following issues: (1) whether the underlying lawsuit is a core or non-core proceeding; (2) whether promotion of uniformity in bankruptcy administration will be achieved; (3) whether forum shopping and confusion will be reduced; (4) whether there will be economical use of debtors' and creditors' resources; (5) whether the withdrawal of reference will expedite the bankruptcy process; and (6) whether a party has demanded a jury trial." *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 865 (Bankr. S.D. Tex. 2006) (citing *Holland America Ins. Co. v. Roy,* 777 F.2d 992, 999 (5th Cir. 1985); *Mirant Corp. v. Southern Co.,* 337 B.R. 107, 115 (N.D. Tex. 2006)). Again, in light of the cutting-edge legal issues in this case, which implicate both federal bankruptcy and copyright law, the Court should withdraw the reference.

8. Local Rule 5011-1, requires a designation of those portions of the record of the case or proceeding that will be reasonably necessary or pertinent to the district court's consideration of this Motion. The Owocs hereby designate ECF Nos. 1, 4, 5, 20–22, 40–42, 49–50 and 52.

**DEMAND FOR JURY TRIAL**

The Owocs hereby demand a trial by jury on all counts so triable with respect to the above styled adversary proceeding.

[Remainder of Page Intentionally Left Blank]

{2467/000/00555615}

**WHEREFORE**, the Owocs respectfully request the entry of an order (a) granting this Motion; (b) withdrawing the reference from this Court to the United States District Court for the Southern District of Florida with respect to this adversary proceeding, under both the mandatory and permissive provisions of 28 U.S.C. § 157(d); and (c) granting the Owocs' jury trial demand on all counts so triable in this adversary proceeding; and (d) granting such other relief as the Court deems just and proper.

## ATTORNEY CERTIFICATION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via Notice of Electronic Filing to those parties registered to receive electronic noticing in this case on May 15, 2023.

Respectfully submitted,

**SHRAIBERG PAGE P.A.**
Attorneys for the Owocs
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
bss@slp.law
pdorsey@slp.law

By: /s/ Patrick Dorsey
Bradley S. Shraiberg, Esq.
Florida Bar No. 121622
Patrick Dorsey, Esq.
Florida Bar No. 0085841
Eric Pendergraft
Florida Bar No. 91927

{2467/000/00555615}